IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

J. STEPHEN KUTSMEDA,

                                 Plaintiff.

          v.

INFORMED ESCROW, INC.,

                                Defendant.

Civil Action Number 3:06CV082-JRS

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff J. Stephen Kutsmeda's Motion to Remand, filed on March 6, 2006. For the reasons discussed herein, Mr. Kutsmeda's Motion to Remand is hereby DENIED.

## I.  BACKGROUND

This controversy arises out of a mortgage refinancing agreement Mr. Kutsmeda entered into with Trust One Mortgage Corporation ("Trust One") in early 2003. Defendant Informed Escrow Inc.'s ("Informed Escrow") involvement in this litigation stems from its contract with Trust One to conduct the settlement of the loan. On July 21, 2005, Mr. Kutsmeda filed a seven-count Complaint in this Court, asserting a mix of state and federal claims and contending that subject matter jurisdiction existed based upon federal questions underlying Counts Six and Seven. The Complaint further asserted that this Court had supplemental jurisdiction over the accompanying Virginia state law claims in Counts One through Five pursuant to 28 U.S.C. § 1367. Only Count Four of the Complaint, alleging a violation of the

Virginia Wet Settlement Act, specifically sought relief from Informed Escrow. Count Four did not, however, denote a specific quantity of monetary damages.

On August 18, 2005, Trust One filed a Motion to Dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 12, 2005, Informed Escrow filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court heard both Motions on October 25, 2005. On November 7, 2005, the Court granted Trust One's Rule 12(b)(6) Motion to Dismiss as to the two federal claims, Counts Six and Seven. The Court found that the Complaint, without being anchored by at least one valid federal claim, could not properly invoke the Court's supplemental jurisdiction to maintain the state claims listed in Counts One through Five. The Court also granted Informed Escrow's Rule 12(b)(1) Motion to Dismiss on November 7, 2005. Finally, the Court noted that the Complaint's sole remaining possibility for subject matter jurisdiction, diversity of citizenship, could not be established. Although Informed Escrow, a California corporation, is a non-citizen for purposes of diversity, Count Four, the only claim specifically seeking relief from Informed Escrow, did not specify any monetary damages, let alone the required amount in controversy in excess of $75,000.

On November 16, 2005, Mr. Kutsmeda filed a three-count Motion for Judgment against Informed Escrow in the Circuit Court for the County of Henrico, Virginia, alleging the same facts as did the Complaint previously before the Court. The Motion for Judgment asserts causes of action for violations of three Virginia statutes: 1) the Virginia Wet Settlement Act; 2) the Virginia Consumer Real Estate Settlement Protection Act; and 3) the Virginia Real Estate Settlement Agent Registration Act. The addendum to the Motion for Judgment requests attorneys' fees, exemplary damages, and at least $250,000 in compensatory damages. Informed Escrow filed its Notice of Removal to this Court on February 6, 2006. On March 6, 2006, Mr. Kutsmeda filed the instant Motion to Remand to State Court.

2

## II.   PARTIES' ARGUMENTS

As his primary argument in support of his Motion to Remand, Mr. Kutsmeda highlights this Court's previous ruling granting Informed Escrow's Rule 12(b)(1) Motion to Dismiss, in which the Court noted that the damages sought from Informed Escrow did not and could not exceed $75,000.  As Mr. Kutsmeda argues, because the Court previously denied the existence of diversity jurisdiction over Informed Escrow, Informed Escrow cannot now claim that such jurisdiction exists.  Furthermore, Mr. Kutsmeda suggests, even if diversity jurisdiction could be found, he "intends to add 'A&M Closing Service' [("A&M")] as a party defendant, which entity, upon information and belief, maintains its principal place of business in Virginia and was the agent for [Informed Escrow]."  Pl.'s Mem. Supp. 3. A&M was responsible for the document execution details of the loan settlement.

In response to Mr. Kutsmeda's reliance upon this Court's prior determination that the amount in controversy had not been met for purposes of diversity jurisdiction, Informed Escrow emphasizes the fact that the original Complaint sought relief from Informed Escrow for only one statutory violation.  Most fundamentally, Informed Escrow points to Mr. Kutsmeda's decision to expressly seek damages in excess of $250,000 in the present Motion for Judgment.  With respect to Mr. Kutsmeda's stated intent to add A&M as a party defendant, Informed Escrow suggests that such a move would constitute fraudulent joinder of a party to defeat diversity jurisdiction.

## III.   DISCUSSION

The statutory basis for Mr. Kutsmeda's Motion to Remand, 28 U.S.C. § 1447(c), provides:  "If any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," provided that the party seeking remand filed its motion to remand within thirty days of the filing of the notice of removal.  Mr. Kutsmeda did file his Motion to Remand within thirty days

of the filing of Informed Escrow's Notice of Removal.  The issue, then, is whether this Court lacks subject matter jurisdiction.  Based upon a fair reading of the unambiguous language in the Motion for Judgment, the Court concludes, without hesitation, that it does have subject matter jurisdiction in this case.

Pursuant to 28 U.S.C. § 1332, a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States."  In a removal situation, the removing party most overcome its burden of demonstrating that federal jurisdiction has been properly invoked.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 ("If [the party asserting jurisdiction] [has] his allegations of jurisdictional facts . . . challenged by his adversary in any appropriate manner, he must support them by competent proof . . . .").  As Informed Escrow highlighted in its brief, and as the Court readily acknowledges, Mr. Kutsmeda's Motion for Judgment satisfies both the monetary and diverse citizenship requirements of 28 U.S.C. § 1332.  Mr. Kutsmeda, a citizen of Virginia, brought suit against one defendant, a California corporation, expressly demanding attorneys' fees, exemplary damages, and at least $250,000 in compensatory damages.

To be clear, when considering cases in which a plaintiff has specified monetary damages in the original complaint, courts within the Fourth Circuit have held that a plaintiff's pleading "ordinarily controls" and is "presumptively correct."  See Dash v. FirstPlus Home Loan Trust 1996-2, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003).  One court in this Circuit recently based its ruling on a motion to remand upon its conclusion that the "defendants ha[d] demonstrated by a preponderance of the evidence that the damages requested on the face of Plaintiff's Complaint ensure[d] that the value of the case well

exceed[ed] the requisite amount in controversy." <u>Faircloth v. Nat'l Home Loan Corp.</u>, 313 F. Supp. 2d 544, 549 (M.D.N.C. 2003).

Under the well-pleaded complaint rule, Mr. Kutsmeda is rightfully considered to be "the master of the complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 398–99. That is, he, through his counsel, had the ability to avoid pleading certain allegations in his Motion for Judgment that he knew or reasonably should have known would have made his case susceptible to removal to this Court based upon diversity of citizenship. <u>See id.</u> at 392. Mr. Kutsmeda, nevertheless, chose to bring suit against a non-citizen corporation, and to seek damages for a sum certain in excess of $75,000. The clear weight of authority in federal courts is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938) (superseded by statute on an unrelated point of law). Neither party has given the Court any indication that the allegations made in Mr. Kutsmeda's Motion for Judgment were not made in good faith. Moreover, Mr. Kutsmeda has not undertaken the self-contradictory task of arguing to the Court that his claim for over $250,000 in damages is actually a claim for $75,000 or less.

The Court's previous finding that Mr. Kutsmeda could not recover more than $75,000 for Informed Escrow's alleged violation of the Virginia Wet Settlement Act is inapposite and non-binding as applied to the Motion to Remand. Material circumstances have changed. In contrast to the earlier Complaint, the Motion for Judgment presently before the Court asserts two additional statutory violations. Finally, Mr. Kutsmeda's representation that he intends to add A&M as a defendant does little to bolster his Motion to Remand. The Court cannot prospectively add a non-diverse party[1] for the

---

[1] This, of course, assumes that A&M is, indeed, non-diverse. The information presented to the Court suggests the contrary.

plaintiff, especially given the fact that Mr. Kutsmeda was aware of A&M and its role in the loan settlement at the time he filed his Motion for Judgment, yet decided not to name A&M as a defendant.

The Court accepts the allegations as pleaded in Mr. Kutsmeda's Motion for Judgment.  On that basis, subject matter jurisdiction founded upon diversity of citizenship is proper, and the Motion to Remand must be denied.

## IV.   CONCLUSION

For the reasons stated, the Motion to Remand is hereby DENIED.

An appropriate Order shall issue.


_____/s/_____
James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE


ENTERED this  2nd  day of May 2006