IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

J. STEPHEN KUTSMEDA,

                      Plaintiff.

      v.                                Civil Action Number 3:06CV082-JRS

INFORMED ESCROW, INC.,

                      Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Informed Escrow, Inc.'s ("Informed Escrow") Motion to Strike Plaintiff J. Stephen Kutsmeda's Conditional/Qualified Acceptance of Offer of Judgment. For the reasons stated herein, Defendant's Motion to Strike Conditional/Qualified Acceptance of Offer of Judgment is GRANTED.

### I.   BACKGROUND

On November 16, 2005, Mr. Kutsmeda filed a three-count Motion for Judgment against Informed Escrow in the Circuit Court for the County of Henrico, Virginia, asserting causes of action for violations of: 1) the Virginia Wet Settlement Act; 2) the Virginia Consumer Real Estate Settlement Protection Act; and 3) the Virginia Real Estate Settlement Agent Registration Act. The Motion for Judgment claims at least $250,000 in actual damages. On February 6, 2006, Informed Escrow filed its Notice of Removal, bringing this litigation within this Court's diversity jurisdiction. On March 6, 2006, Mr. Kutsmeda filed a Motion to Remand to State Court, which this Court denied on May 2, 2006. A one-day trial for this Matter is currently set for August 1, 2006.

Giving rise to the instant controversy, on May 3, 2006, Informed Escrow faxed an "Offer of Judgment" (the "Offer") to Mr. Kutsmeda. The Offer was only one line, reading: "Informed Escrow, Inc., by counsel, under Fed. R. Civ. P. 68, offers to allow judgment to be taken against it for the sum of $1,026.00, with costs now accrued." Def.'s Offer of J.

On May 12, 2006, Mr. Kutsmeda filed his "Notice of Acceptance of Defendant's Offer of Judgment" (the "Acceptance"). Mr. Kutsmeda's Acceptance stated that he "accepts Defendant's Offer of Judgment and asks the Clerk of this Court to enter judgment in accordance with said Offer." Pl.'s Notice of Acceptance ¶ 5. Mr. Kutsmeda speculated that the $1,026.00 judgment offer represented payment of double the per diem mortgage interest "statutorily due Plaintiff under the Virginia Wet Settlement Act, specifically Section 6.1-2.15 of the Code of Virginia." Id. ¶ 8. Notably, Mr. Kutsmeda explained:

> Plaintiff's acceptance of Defendant's Offer of Judgment *shall not be construed as and is not intended to be (A) any form of settlement arrangement between the parties, (B) a release or indemnification of Defendant from liability or (C) a quantification of Plaintiff's actual and overall damages.* For various and salient reasons beyond the purview of this Notice of Acceptance, Plaintiff shall seek relief and damages (to the extent same exceed the amount of the judgment entered by this Court) against Defendant vis-a-vis the institution of administrative proceedings with certain agencies of the Commonwealth of Virginia (including the Virginia State Bar, the Virginia State Corporation Commission, and the Office of the Virginia Attorney General), which agencies regulate the enforcement of the three state consumer protection statutes forming the underlying basis of this dispute.

Id. ¶ 12. Mr. Kutsmeda then itemized his costs and requested that the Clerk of the Court enter judgment in his favor in the overall amount of $5,062.64, comprised of the principal sum of $1,026.00 plus costs (including attorney's fees) of $4,036.64.

## II. PARTIES' ARGUMENTS IN SUPPORT OF AND IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

On May 22, 2006, Defendant moved to strike Mr. Kutsmeda's Notice of Acceptance on the grounds that it improperly provides a qualified, conditional acceptance. As Defendant argues, Federal Rule of Civil Procedure 68 does not permit a conditional or qualified acceptance of an offer of judgment. Defendant states that an offer of judgment, if accepted, results in a judgment by definition. It is Defendant's theory that Mr. Kutsmeda's three conditions listed in Paragraph 12 of his Acceptance are essentially Mr. Kutsmeda's attempt to avoid the estoppel effects of the judgment. Pointing to the absence of any conditional language in Rule 68, Defendant asks that the Acceptance be stricken.

In his response brief, Mr. Kutsmeda readily concedes that his Acceptance will serve as "an absolute bar to the initiation of any subsequent judicial action against Defendant by Plaintiff" in any court of competent jurisdiction involving the same cause(s) of action plead in the Motion for Judgment. Pl.'s Resp. Def.'s Mot. Strike ¶ 7. Mr. Kutsmeda contends, however, that the Acceptance did not comprehend the extinguishment of the administrative law claims that might exist in favor of Mr. Kutsmeda against Defendant.

At the hearing in this Matter, counsel for Mr. Kutsmeda emphasized that the apparent disclaimer in Paragraph 12 of his Acceptance was not intended to dilute or somehow condition the Acceptance. Instead, counsel argued, Paragraph 12 was included as "clarification" of Mr. Kutsmeda's desire to maintain and/or pursue further complaints against Defendant through various regulatory and administrative agencies of the Commonwealth of Virginia. Counsel asserted that an

entry of judgment by a federal court pursuant to the acceptance of an offer of judgment would have no bearing on a state agency's power to subsequently hear a related complaint.

### III.   DISCUSSION

It is undisputed that a plaintiff's acceptance of an offer of judgment under Federal Rule of Civil Procedure 68 would preclude the plaintiff from later initiating a related action against the same defendant in any court of competent jurisdiction. Unfortunately, that is the extent of the parties' accord. Although not directly at issue, the parties seem to disagree over the extent to which an accepted offer of judgment in this Court would impact subsequent proceedings in a state regulatory or administrative agency. The Court can easily resolve that issue. Just as "state administrative agency determinations do not create res judicata or collateral estoppel effects [for federal courts]," Moore v. City of East Cleveland, 431 U.S. 494, 524 n.2 (1977) (Burger, C.J., dissenting) (internal quotations and citation omitted), a federal court judgment does not create res judicata or collateral estoppel effects for subsequent state regulatory or administrative agency proceedings.

For purposes of Defendant's Motion to Strike, however, the dispositive issue is whether Mr. Kutsmeda effectively accepted Defendant's Offer of Judgment. It is well-established that "[o]ffers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir. 1992). Equally fundamental is the notion that "[a]n acceptance must comply with the requirements of the offer as to the promise to be made." Restatement (Second) of Contracts § 58 (1979). A purported acceptance manifesting a contrary intent constitutes an invalid acceptance. See id. § 58 cmt. a ("[The rule requiring acceptance to comply with the terms of an offer] is mitigated by the interpretation of

offers, in accordance with common understanding, as inviting acceptance in any reasonable manner *unless there is contrary intention*.") (emphasis added).

Mr. Kutsmeda's intent as expressed by counsel during the hearing differs greatly from the intent reasonably inferred from the clear and unambiguous language of Mr. Kutsmeda's Acceptance. In Paragraph 5 of his Acceptance, Mr. Kutsmeda stated that he "accepts Defendant's Offer of Judgment and asks the Clerk of this Court to enter judgment in accordance with said Offer." Pl.'s Notice of Acceptance ¶ 5. Just seven paragraphs later, though, Mr. Kutsmeda emphasized that the Acceptance "[wa]s not intended to be . . . any form of settlement . . . , a release . . . of Defendant from liability[,] or . . . a quantification of Plaintiff's overall damages." Id. ¶ 12. These conflicting statements cannot be logically reconciled. After all, many courts have recognized that the acceptance of a Rule 68 offer of judgment effectively operates as a settlement and release of all claims against the defendant. See e.g., Delta Air Lines, Inc. v. August, 450 U.S. 346, 350 (1981) ("Rule 68 prescribes certain consequences for formal settlement offers made by a party defending against a claim."); id. at 363 (Powell, J., concurring) ("A Rule 68 offer of judgment is a proposal of settlement . . . ."); Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 16043, at *73 (N.D. Tex. Aug. 5, 2005) ("The terminology [Defendant] used in his offers, in which he conditioned them on the release of [Plaintiff]'s claims, is not prohibited by Rule 68. Including such language simply makes explicit what the operation of the Rule already provides on its own.").

Notwithstanding counsel for Mr. Kutsmeda's representations to the contrary at the hearing on this Motion, this Court cannot simply ignore the clear meaning of the language used in Paragraph 12 of Mr. Kutsmeda's Acceptance. The Court must give credence to the elementary contract law principle that "[a]n acceptance must be unequivocal." Restatement (Second) of Contracts § 61 cmt.

a (1979). With that principle in mind, the Court finds that the offending language in Paragraph 12 qualifies the Acceptance, thereby rendering it ineffective. Defendant's Motion to Strike will, therefore, be granted.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion to Strike Conditional/Qualified Acceptance of Offer of Judgment is hereby GRANTED.

An appropriate Order shall issue.

/s/
James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   22nd   day of June 2006